IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MELVIN DINKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:22-CV-14-CCE |
| | ) | |
| NORMAN K. MOON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on motion of the plaintiff, Melvin Dinkins, to proceed *in forma pauperis*, which, if granted, would authorize him to file a complaint without payment of the filing fee. Because his complaint is frivolous and malicious, fails to state a claim on which relief may be granted, and, as to two of the three defendants, is against defendants who are immune from suit, the complaint will be dismissed pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2).

**1. Overview**

In the operative complaint, Doc. 3, Mr. Dinkins has named as defendants a United States Senior District Judge, *id.* at ¶¶ 6–9; the United States Department of Justice, *id.* at ¶¶ 10–14; and an entity he calls "Region Ten CSB." *Id.* at ¶¶ 15–22. The Court construes the complaint to assert a claim of racketeering under the Civil RICO statute. *See id.* at ¶ 35. Mr. Dinkins seeks money damages, *id.* at ¶ 55, and unspecified "relief in equity." *Id.* at ¶ 57.

Mr. Dinkins filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action without initially paying the filing fee. To guard against possible abuses of this privilege, the statute requires that courts dismiss such complaints "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).[1] The Court will take these up in reverse order.

### 2. Does the complaint seek monetary relief against a defendant who is immune?

Section 1915 directs courts to dismiss claims brought by a plaintiff who does not pay the filing fee if the plaintiff seeks monetary relief against an immune defendant. § 1915(e)(2)(B)(iii). Mr. Dinkins' claims for money damages against a judge and the Department of Justice fall into this category and dismissal is thus appropriate.

Judicial immunity protects judicial defendants, in both their official and individual capacities, from assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (per curiam). It also protects a judge from damages suits entirely. *Id.* at 11.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v.*

---

[1] *Sua sponte* dismissals are freely permitted under § 1915(d). *See, e.g., Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (observing that § 1915(d) dismissals are "frequently made *sua sponte* before the defendant has ever been asked to file an answer").

*Sparkman,* 435 U.S. 349, 356–57 (1978)(cleaned up). The immunity provided to judges for their judicial acts is absolute, even if those acts are erroneous or in excess of their jurisdiction. *Id.* at 359; *see Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Judicial immunity depends upon the "nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. Here, Mr. Dinkins contends that Norman Moon, the United States Senior District Judge who presided over earlier cases brought by Mr. Dinkins, is liable to him for money damages as a result of "collusive action" in "Judicial Orders 5/19/2017," Doc. 3 at ¶ 6, and "malfeasance." *Id.* at ¶ 7. It is thus clear that the claim is based on a judicial act. There is no factual allegation tending to plausibly indicate the judge acted in clear absence of all jurisdiction. *See Stump*, 435 U.S. at 356–57. Mr. Dinkins' conclusory claims of a conspiracy and malfeasance are insufficient to overcome the judge's immunity, and the claims for damages against Senior Judge Moon will be dismissed.

Similarly, the civil RICO claims for money damages against the Department of Justice and Judge Moon are barred by sovereign immunity. The civil RICO statute "does not contain an express waiver of sovereign immunity, and every court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute." *McLean v. Obama*, No. 15-8, 2015 WL 3966426, at *2 (E.D. La.

3

June 30, 2015) (cleaned up) (collecting cases); *accord Trueman v. United States*, No. 12-CV-73, 2015 WL 1456134, at *9 (E.D.N.C. Mar. 30, 2015), *aff'd*, 615 F. App'x 122 (4th Cir. 2015).

### 3. Does the complaint fail to state a claim?

A plaintiff fails to state a claim upon which relief may be granted for purposes of § 1915 when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  While a court must accept as true all of the allegations contained in a complaint, that tenet "is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Under this well-established standard, Mr. Dinkins fails to state any claims against any of the defendants.

Mr. Dinkins refers to the civil RICO statute several times in his complaint; *see, e.g.*, Doc. 3 at ¶¶ 12, 35; and the Court construes the complaint as an attempt to assert a civil RICO cause of action.[2]  A civil RICO claim has four essential elements:  "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

---

[2] "RICO's private right of action is contained in 18 U.S.C. § 1964(c), which provides in relevant part that '[a]ny person injured in his business or property by reason of a violation of [§] 1962 of this chapter may sue therefor[.]'" *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

4

Here, Mr. Dinkins has failed to adequately allege facts to support any of these elements. He makes only vague and obscure references to such things as "false [and] fraudulent misappropriations of Federal Health Care finances," Doc. 3 at ¶ 6; "fraud," *id.* at ¶ 20; "conveyances of False [and] Fraudulent misrepresentations," *id.* at ¶ 7; *see also id.* at ¶¶ 40, 52; "fraudulent conduct," *id.* at ¶ 16; the "misappropriation of several accounts," *id.* at ¶ 7; "missing" exhibits on the Supreme Court docket, *id.* at ¶ 31; and "collection of unlawful debt," *id.* at ¶ 35; but these references are entirely conclusory. He nowhere identifies with specificity what false representations were made or by whom or what fraudulent activity occurred. *See* Fed. R. Civ. P. 9(b) (noting allegations of fraud must be specific).[3] There are no facts identifying the misappropriated accounts or missing exhibits, and he does not explain what debt any defendant attempted to collect or why it was unlawful. He makes no defendant-specific factual allegations as to any of these conclusory assertions. *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994). Mr. Dinkins has failed to state a civil RICO claim against any defendant.

Mr. Dinkins makes several passing references to provisions of the False Claims Act. *See, e.g.*, Doc. 3 at ¶¶ 3, 6, 42, 46 (citing 31 U.S.C. §§ 3729–3730). To the extent he is attempting to state a False Claims Act claim, his allegations are deficient. First, as

---

[3] The sufficiency of a civil RICO claim is ordinarily evaluated in accordance with the notice pleading requirement of Rule 8(a). *See TM, LLC v. Anderson,* No. 11-CV-00071, 2012 WL 4483180, at *2 (E.D.N.C. Sept. 27, 2012). If, however, the RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure applies. *See Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989); *TM, LLC*, 2012 WL 4483180, at *2; *Field v. GMAC LLC,* 660 F. Supp. 2d 679, 688 (E.D. Va. 2008); *Gentile v. Brunswick Cnty. Sheriff's Dep't*, No. 13-CV-81, 2014 WL 1331159, at *8 (E.D.N.C. Apr. 2, 2014).

Mr. Dinkins has been informed in the past, "it is impermissible for a *pro se* litigant to bring a *qui tam* action on behalf of the United States." *U.S. ex rel. Dinkins v. Region Ten CSB*, No. 17-CV-34, slip op. at 1 (Doc. 5) (W.D. Va. May 19, 2017) (citing *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007)); *see also Bond v. Hughes*, 671 F. App'x 228, 229 (4th Cir. 2016) ("[A] pro se litigant may not pursue a qui tam action on behalf of the Government under the FCA."). Moreover, to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), a plaintiff asserting a claim under the False Claims Act "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (cleaned up); *accord U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013). Here, Mr. Dinkins has identified none of these things.

Mr. Dinkins mentions some of the Federal Rules of Civil Procedure, *see, e.g.*, Doc. 3 at ¶¶ 20–21, 50, and the jurisdictional provisions in 28 U.S.C. §§ 1331, 1343. *Id.* at ¶¶ 36, 46. As he has been informed before, those rules and statutes do not create any cause of action. *See Dinkins v Region Ten CSB*, 289 F. Supp. 3d 756, 758–59 (W.D. Va. 2018). Similarly, he cites 42 U.S.C. § 1983, the federal civil rights statute, Doc 3. at ¶ 3, and the Constitution, *id.* at ¶ 42, but he does not identify a particular constitutional right as having been violated or how any specific defendant violated such rights. He refers to 28 U.S.C. § 2679, *id.* at ¶ 8, which is part of the Federal Torts Claims Act, but he does not identify any tort or say which defendant has committed a particular tort. He seems to

6

say the Region Ten CSB defendant had some involvement with his social security benefits, *id.* at ¶ 28, or Medicare benefits, *id.* at ¶ 37, but it is not clear exactly what this defendant did or how its acts give rise to any federal cause of action.

District courts construe *pro se* complaints liberally, but principles requiring generous construction of *pro se* complaints are not without limits. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not, for example, "expected to construct full blown claims from sentence fragments." *Id.* The complaint Mr. Dinkins has filed is essentially incomprehensible, made up of conclusory and obscure assertions, unclear references to statutes and rules, and incomplete ramblings. It does not state any claim for relief and for this reason should be dismissed.

**4. Is the claim frivolous or malicious?**

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word frivolous is inherently elastic and not susceptible to categorical definition." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) (cleaned up). "The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Id.* at 257.

As part of this review, courts may anticipate affirmative defenses that clearly appear on the face of the complaint. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983). In evaluating whether a claim is frivolous, "[a] plaintiff's past litigious conduct should

7

inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam) (denying leave to proceed *in forma pauperis* based, in part, on abusive number of filings).

In his complaint, Mr. Dinkins mentions the case number of a related case: No. 3:19-CV-00030. Doc. 3 at ¶ 55. In that case brought by Mr. Dinkins against Region Ten CSB, the district court dismissed his claims upon a § 1915 screening review, *see Dinkins v. Region Ten CSB*, No. 19-CV-30, 2019 WL 3413855, at *3 (W.D. Va. July 29, 2019), and denied a motion for reconsideration. *Dinkins v. Region Ten CSB*, No. 19-CV-30, 2020 WL 806179, at *3 (W.D. Va. Feb. 18, 2020). The presiding judge set forth the standards applicable under § 1915(e)(2) governing *in forma pauperis* proceedings, *Dinkins*, 2019 WL 3413855, at *2, and the need for sufficient factual allegations so that a right to relief rises "above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mr. Dinkins has been told that a "glancing reference" to a statute is insufficient to state a plausible claim. *Dinkins*, 2020 WL 806179, at *2 n.3. He has filed other lawsuits that suffered facial deficiencies and were dismissed or terminated early in the litigation. *See U.S. ex rel. Dinkins*, No. 17-CV-34, slip op. at 1 (Doc. 5) (dismissing complaint because a *pro se* litigant cannot bring a qui tam action); *Dinkins v. Region Ten CSB*, No. 17-CV-55, slip op. at 1 (Doc. 2) (W.D. Va. Aug. 10, 2017) (dismissing complaint as "incomprehensible" and improperly brought under a statute that did not create a private right of action); *Dinkins*, 289 F. Supp. 3d at 758–60 (dismissing claim for lack of jurisdiction); *Dinkins v. Region Ten CSB*, No. 18-CV-42, slip op. at 1–2 (Doc. 3) (W.D. Va. June 20, 2018) (dismissing complaint as frivolous); *see also Dinkins*

*v. Region Ten CSB*, No. 16-CV-03, slip op. at 1 (Doc. 3) (W.D. Va. Jan. 15, 2016) (remanding case filed in state court by Mr. Dinkins and then removed by Mr. Dinkins).

As a result of those decisions entered in cases in which he was a litigant, Mr. Dinkins is now, and has been for several years, aware that filing a complaint in federal court requires detailed factual allegations, not just conclusory assertions and passing mention of statutes and rules. Even though Mr. Dinkins has been told numerous times that specific factual allegations are required in order for a complaint to state a claim and that his claims must be comprehensible, he has filed yet another complaint with only conclusory, obscure assertions. It is at least his seventh lawsuit against Region Ten CSB.[4] Judicial and sovereign immunity are well-known legal concepts that would be disclosed by even a cursory investigation into the appropriate bases for suing judges and governmental agencies, and they certainly would be disclosed if a litigant conducted the investigation required by Federal Rule of Civil Procedure 11. Despite this, Mr. Dinkins has attempted to bring in as defendants a judge and the Department of Justice based on no specific facts whatsoever.

In view of the paucity of facts in the complaint, the obvious failure to investigate the legal bases for his claims, his renewed effort to file a lawsuit based on vague and conclusory claims that do not meet federal pleading standards of which he has been advised several times, his inclusion of a federal agency and a federal judge who are

---

[4] The six previous lawsuits filed in this district by case number are: No. 16-CV-3; No. 17-CV-34; No. 17-CV-55; No. 18-CV-1; No. 18-CV-42; and No. 19-CV-30.

immune from suit, and Mr. Dinkins' litigation history against Region Ten CSB, the Court finds and concludes that the claims raised by Mr. Dinkins are frivolous.  These facts taken together also give rise to an inference that Mr. Dinkins acted maliciously in filing this lawsuit, and the Court so finds.

   **5.  Protecting the Courts.**

As the Supreme Court has noted, filing fees in theory discourage frivolous suits and thus help allocate judicial resources to more meritorious cases.  *See In re McDonald*, 489 U.S. at 184.  "But paupers filing *pro se* [suits] are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous [suits]."  *Id.*; *see also In re Sindram*, 498 U.S. 177, 180 (1991) (directing the clerk not to accept further *in forma pauperis* extraordinary writ petitions from the petitioner).  Without monetary cost as a constraint, the volume of frivolous *in forma pauperis* suits could threaten to undermine the availability of the federal courts to the public.  *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

But courts have the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding federal courts have "the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"). Such sanctions should only be imposed in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (cleaned up).

There are other sources of authority for dealing with abusive litigation. The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts by "vexatious and repetitive litigants." *Cromer*, 390 F.3d at 817; *see also Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Federal Rule of Civil Procedure 11(b) requires parties representing themselves to assert claims only if they "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and only if they are "not being presented for any improper purpose, such as to harass." Sanctions are available if this rule is violated. *See* Fed. R. Civ. P. 11(c).

The kinds of sanctions that can be imposed when a litigant repeatedly files frivolous lawsuits vary widely depending on the circumstances. *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1072–73 (11th Cir. 1986) (listing sanctions that have been imposed in various cases). An appropriate sanction varies depending on the circumstances, and could include, for example, "outright dismissal of a lawsuit," *Chambers*, 501 U.S. at 44–45; an assessment of attorney's fees," *id.*; *see also* Fed. R. Civ. P. 11(c); a fine, *see Campo v. U.S. Dep't of Just.*, 854 F. App'x 768, 769 (8th Cir. 2021); a prefiling injunction narrowly tailored to the circumstances, *see generally Cromer*, 390 F.3d at 818–19; a prohibition on filing a complaint without paying the filing fee, *Procup*, 792 F.2d at 1072; or varied lesser penalties. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (discussing sanctions in the context of Federal Rules of Civil Procedure 11).

This lawsuit is a waste of court resources and, as found *supra*, is frivolous and malicious. The Court has evaluated whether to initiate proceedings to consider imposition of sanctions, such as, for example, a prohibition on filing another lawsuit against Region Ten CSB or a different narrowly-drawn pre-filing injunction. While this might well be appropriate, *see Cromer*, 390 F.3d at 818, the Court will exercise caution and restraint. The Court will instead order Mr. Dinkins to take more care in complying with the rules applicable to filing complaints and will warn Mr. Dinkins that further filings that contain the same failings as any of his previous lawsuits, or which are frivolous or malicious, or which violate Rule 11 or this Order, may subject him to sanctions appropriate for the circumstances.

It is **ORDERED** that:

1. The motion to proceed *in forma pauperis* is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and malicious, failing to state a claim, and attempting to seek money damages from immune defendants.

3. In any complaint filed in this or any other United States District Court, Mr. Dinkins **SHALL,** as required by the Federal Rules of Civil Procedure**:**

    a. include comprehensible, specific, and detailed factual allegations;

    b. for any alleged fraudulent conduct, include facts showing with particularity the circumstances of the alleged fraud; and

    c. for any alleged fraudulent misrepresentations, state the date, time, and content of the alleged misrepresentation.

4. Before filing the complaint or any other pleading, brief, or other paper writing in this or any other United States District Court, Mr. Dinkins **SHALL** comply with Federal Rule of Civil Procedure 11.

5. Mr. Dinkins is **WARNED** that he is subject to sanctions if he files in this or any other United States District Court another frivolous or abusive pleading or a pleading, brief, or paper writing that does not meet the standards set forth in Federal Rule of Civil Procedure 11 or ¶ 3 of this Order. Such sanctions may include fines, a gatekeeper order further limiting his access to the federal courts or prohibiting him from filing another lawsuit against Region Ten CSB, or any other restriction or sanction appropriate under the circumstances.

This the 27th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE